UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　Plaintiff,<br>　v.<br>ISMAEL AQUERO-CADENAS,<br>　　　　　　　Defendant. | Case No. 3:17-cr-00088-MMD-WGC<br><br>ORDER |

**I.　SUMMARY**

The grand jury indicted Defendant Ismael Aguero-Cadenas on one count of unlawful re-entry in violation of 8 U.S.C. § 1326(a). (ECF No. 1.) Before the Court is Defendant's motion to dismiss the indictment ("Motion") (ECF No. 20.) This Court's decision chiefly hinges on whether Defendant's 2016 conviction under NRS § 453.337 for possession of a controlled substance for the purpose of sale (ECF No. 20-3) constitutes either a controlled substance offense or an aggravated felony pursuant to federal law. Having reviewed the parties' briefs (ECF Nos. 20, 23, 28) and the Government's supplemental brief (ECF No. 26), the Court finds that Defendant's prior conviction is neither a controlled substance offense nor an aggravated felony under federal law.

Therefore, in conjunction with the reasons stated below, the Court finds that the predicate removal order underlying the unlawful re-entry charge was invalid and will grant Defendant's Motion (ECF No. 20).

///

///

## II. RELEVANT BACKGROUND

Defendant was born in Mexico, but became a legal permanent resident of the United States on November 19, 2001, before his twenty-first birthday. (ECF Nos. 20-4, 20-7; ECF No. 20-9 at 2.) In November 2014, Defendant was arrested on state drug and theft charges. (ECF No. 20-3.) He pleaded guilty to possession of a controlled substance for the purpose of sale in violation of NRS § 453.337, and misdemeanor conspiracy. (*Id.*) In 2016, the sentencing court suspended his sentences for each count, and placed him on probation. (*Id.* at 3.) Defendant's probation officer reported him to Immigration and Customs Enforcement (ICE). (ECF No. 20-9 at 3; ECF No. 20 at 3.)

ICE arrested and charged Defendant as removable under § 237(a)(2)(B)(i) of the Immigration and Nationality Act ("INA") as an alien convicted of a controlled substance offense based on the 2016 conviction. (ECF Nos. 20-1, 20-9; ECF No. 23-3 at 2.) It is uncontested that the government ultimately removed Defendant for an "aggravated felony offense" under INA § 237(a)(2)(A)(iii) on the basis of the same conviction (ECF No. 20-2 at 2.)[1] Albeit not expressly stated in either the deportation charge or predicate removal order, it is uncontested that the "aggravated felony offense" "must have been as a 'drug trafficking offense' under 8 U.S.C. § 1101(a)(43)(B), the only aggravated offense subsection under which [Defendant's] conviction could possibly qualify." (ECF No. 20 at 3-4; ECF Nos. 20-1, 20-2.)

During Defendant's removal proceedings, the immigration judge ("IJ") failed to apprise Defendant of any relief from removal. (ECF No. 29 (manual filing).) After his removal, Defendant re-entered the United States which led to his indictment in this case. (ECF No. 1.)

///
///
///

---

[1] Section 237(a)(2)(A)(iii) provides that "Any alien . . . in and admitted to the United States, shall . . . be removed if the alien . . . is convicted of an aggravated felony at any time after admission . . . ."

2

## III. DISCUSSION

### A. Legal Framework for Challenging a Predicate Removal Order

To obtain a conviction for illegal re-entry pursuant to 8 U.S.C. § 1326(a), the government must establish that Defendant sustained a valid removal before the alleged re-entry. *See United States v. Cisneros-Rodriguez*, 813 F.3d 748, 755 (9th Cir. 2015). A defendant charged with illegal re-entry under § 1326(a) "has a Fifth Amendment right to collaterally attack his removal order because the removal order serves as a predicate element of his conviction." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004). A defendant may successfully challenge a predicate removal order under 8 U.S.C. § 1326(d) by showing: (1) that he exhausted all administrative remedies available to him to appeal his removal order; (2) that the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review; and (3) that the entry of the order is fundamentally unfair.

### B. Legal Framework for Determining Whether a State Conviction Qualifies As a Predicate Offense for Removal

Courts typically apply a "three-step analysis" for determining whether a prior conviction under state law, here NRS § 453.337, qualifies as predicate drug trafficking offense under federal law. *United States v. Martinez-Lopez*, 864 F.3d 1034, 1038 (9th Cir. 2017) (en banc) (citation omitted). Typically a court first asks "whether [NRS § 453.337] is a categorical match with a federal drug trafficking offense. *United States v. Figueroa-Beltran*, 892 F.3d 997, 1001-02 (2018). "If § 453.337 is not a categorical match, we proceed to the second step of the analysis." *Id.* at 1002. The step-two analysis is whether § 453.337 is divisible or indivisible. *Lopez-Valencia v. Lynch*, 798 F.3d 863, 867-68 (9th Cir. 2015) (citing *Medina-Lara v. Holder*, 771 F.3d 1106, 1112 (9th Cir. 2014)). A statute is divisible "[w]hen [it] lists elements in the alternative, and thereby define[s] multiple crimes." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016); *see also id.* at 2256. A statute is indivisible when it sets out merely alternative means of satisfying one (or more) of its elements. *Id.* at 2248. Where "(1) a state court decision definitively answers the

question, or (2) the statute on its face resolves the issue," with a conclusion that the statute is indivisible, the Court's analysis ends. *Figueroa-Beltran*, 892 F.3d. 1002 (citations, alterations, and internal quotation marks omitted). This is because "a conviction under an indivisible, overbroad statute can *never* serve as a predicate offense." *Medina-Lara*, 771 F.3d at 1112 (citing *Descamps v. U.S.*, 570 U.S. 254, 256 (2013)).

If the statute and the state law fail to provide clear answers, the Court may "peek" at the record documents "for the sole and limited purpose of determining whether [the listed items are] element[s] of the offense." *Mathis*, 136 S. Ct. at 2256-57. "Only if the answer is yes can the court make further use of the materials [in the record]." *Id.* at 2257; *see also Figueroa-Beltran*, 892 F.3d at 1004 (citing *Mathis*, 136 S. Ct. at 2256-57 and n.7) ("If [the court] cannot readily discern the nature of the statute from these sources, [it] *may* further look to the record documents—indictments, jury instructions, plea colloquies and plea agreements—for guidance.") (emphasis added). Where the peeked at materials do not "speak plainly" on the issue, the "demand for certainty" under *Taylor v. United States*, 495 U.S. 575 (1990) cannot be satisfied and the inquiry ends with the conclusion that the state offense cannot qualify as a predicate offense. *Mathis*, 136 S. Ct. at 2257.

Only if the statute of conviction is plainly divisible will the Court perform the step-three analysis—the modified categorical approach—where a court determines which of the alternative elements listed under the statute was integral to a defendant's conviction. *Id.* at 2249.

**C.    Analysis**

    **1.    Whether Entry of the Removal Order was Fundamentally Unfair**

Finding the third prong for challenging the predicate removal order—whether the entry of the order was fundamentally unfair—to be of paramount concern, the Court begins there. The Court finds that the predicate removal order was fundamentally unfair because Defendant's conviction under NRS § 453.337 is neither a controlled substance offense nor an aggravated felony offense under federal law.

///

4

The entry of a removal order is fundamentally unfair if the deportation proceedings violated the defendant's due process rights and that violation prejudices the defendant. *United States v. Ortiz-Lopez*, 385 F.3d 1202, 1204 (9th Cir. 2004). "Where a prior removal order is premised on the commission of an aggravated felony, a defendant who shows that the crime of which he was previously convicted was not, in fact, an aggravated felony, has established both that his due process rights were violated and that he suffered prejudice as a result." *United States v. Martinez*, 786 F.3d 1227, 1230 (9th Cir. 2015).[2]

NRS § 453.337 prohibits the "possess[ion] for the purpose of sale . . . any controlled substance classified in schedule I or II." The Ninth Circuit Court of Appeals has found that these schedules "criminalize more substances than are listed in the federal Controlled Substances Act" and therefore conviction under NRS § 453.337 is not a categorical match to automatically qualify as a predicate federal drug trafficking offense. *Figueroa-Beltran*, 892 F.3d at 1002-03. Consequently, the Court undertakes the step-two analysis.

The Court looks to the Ninth Circuit for direction in determining whether NRS § 453.337 is divisible. In *Figueroa-Beltran*, the Ninth Circuit concluded that Nevada law was in conflict on the issue of whether NRS § 453.337 is divisible. *Id.* at 1003-04. It also implicitly recognized that the issue could not be readily discerned from the "wording" of the statute. *Id.* at 1004. Ultimately, the Ninth Circuit elected to certify to the Nevada Supreme Court questions regarding whether under NRS § 453.337 a specific controlled substance is an element or means of an offense. *Id.*.

Given that an examination of the statute and related case law fail to determine the divisible issue, the Court "peeked" at certain provided record documents—namely the judgment of conviction (ECF No. 20-3(documenting the plea)) and the criminal information (ECF No. 23-1 (documenting the charge)). Upon reviewing these limited record materials, this Court concludes they indicate the identity of the drug is simply a means of

///

---

[2] The Ninth Circuit has indicated that prejudice is additionally established where an IJ failed to advise an individual who is a legal permanent resident at the time of removal of his eligible discretionary relief. *See U.S. v. Aguilera-Rios*, 769 F.3d 626, 633 (9th Cir. 2014).

demonstrating a violation of NRS § 453.337. The judgment of conviction does not identify any particular drug, and the criminal information merely identifies the drug as a fact of its identity following the phrase "to wit" as descriptive, and separated from the count itself. The Court therefore finds that these materials suggest the identity of the drug was extraneous to the legal requirements of the crime to support a conviction. As directed by *Mathis*, the Court will dig no further into the record. *See Mathis*, 136 S. Ct. at 2256-57. Because *Taylor*'s "demand for certainty" cannot be satisfied, the Court concludes that NRS § 453.337 cannot qualify as a predicate offense. *Id.* at 2257. The Court thus declines to perform an analysis under the modified categorical approach.

Defendant has shown that the predicate removal order was erroneously premised on either the IJ's conclusion that Defendant was removable for a controlled substance offense or an aggravated felony offense under federal law based on Defendant's 2016 conviction. Consequently, the Court finds that the IJ's legally untenable conclusion prejudiced Defendant. *See Martinez*, 786 F.3d at 1230. Defendant has therefore met the third prong in challenging the removal order.

### 2. Exhaustion of Administrative Remedies & Deprivation of Opportunity for Immigration Review

It is well established in this circuit that "§ 1326(d)'s requirements of exhaustion and deprivation of judicial review are satisfied when the government misinforms an alien that he is ineligible for relief." *Arias-Ordonez*, 597 F.3d at 977 (citations omitted). Here, in sustaining the predicate conviction for removal, the IJ informed Defendant—who was without legal representation—that the IJ did not know of any relief for which Defendant could apply. (ECF No. 29 (manual filing).) Accordingly, Defendant has additionally established the first and second prongs in challenging the removal order.

Because Defendant has successfully attacked the predicate removal order under 8 U.S.C. § 1326(d), the government cannot obtain a conviction for unlawful re-entry pursuant to 8 U.S.C. § 1326(a). Thus, the Court grants Defendant's motion to dismiss the indictment.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Defendant's motion to dismiss (ECF No. 20) is granted. The indictment is dismissed

It is further ordered Defendant should be released forthwith from custody on this case, and Defendant remains subject to any other holds he may have on him unrelated to this case.

The Clerk is directed to close the case.

DATED THIS 20th day of July 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE